**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**AMANDA GEORGE,**

**Plaintiff/Counterclaim Defendant,**

**v.**

**GULFPORT ENERGY CORPORATION,**

**Defendant/Counterclaimant/**
**Third-Party Plaintiff,**

**v.**

**C. KEITH PLUMMER,**

**Third-Party Defendant.**

**Case Number 2:25-cv-1145**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

This matter is before the Court on Defendant Gulfport Energy Corporation's Motion for Partial Judgment on the Pleadings. (ECF No. 19.) Plaintiff Amanda George filed a response in opposition (ECF No. 21) and Gulfport filed a reply in support (ECF No. 26). For the reasons stated in this Opinion and Order, Gulfport's Motion is **GRANTED**. (ECF No. 19.)

## BACKGROUND

This action involves a dispute over a Confidential Settlement Agreement and Release (the "Agreement") that amended an oil and gas lease between Ms. George and Gulfport. (ECF No. 6, ¶¶ 3–4.) Ms. George alleges that Gulfport added an unlawful slip page into the Agreement, which changed certain language regarding the calculation of royalty payments. (*Id.* ¶ 11.) As a result, Ms. George alleges that Gulfport has been wrongfully deducting costs from her royalty payments since the Agreement's execution on January 2, 2018. (*Id.* ¶ 14.)

Ms. George sued Gulfport on August 29, 2025, in the Belmont County Court of Common Pleas for breach of contract and fraud. (ECF No. 6.) Gulfport removed the case to federal court asserting diversity jurisdiction. (ECF No. 1.) Gulfport then filed an Answer and Counterclaim (ECF No. 9) and a Third-Party Complaint against Ms. George's attorney who communicated with Gulfport's counsel regarding the Agreement (ECF No. 15).

Gulfport subsequently filed its Motion for Partial Judgment on the Pleadings. (ECF No. 19.) Ms. George filed a response in opposition (ECF No. 21) and Gulfport filed a reply in support (ECF No. 26).

**LEGAL STANDARD**

The Federal Rules of Civil Procedure provide that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The legal standard for adjudicating a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion. *Sharaydeh v. Warren County*, 730 F. Supp. 3d 692, 695 (S.D. Ohio 2024) (Barrett, J.) (citing *Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007)). Accordingly, the Court must "construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). The court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Id.* To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Id.*

## ANALYSIS

Gulfport moves for judgment on the pleadings to dismiss as time-barred (1) the breach-of-contract claim with respect to any royalty payments before August 29, 2021, and (2) the fraud claim. (Mot., ECF No. 19, PageID 419–20.) Alternatively, Gulfport argues that the fraud claim should be dismissed because Ms. George failed to plead it with particularity. (*Id.* PageID 421.)

Statute of limitations is an affirmative defense, thus the "burden is on the defendant to show that the statute of limitations has run." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013). Dismissal is warranted if the allegations in the complaint affirmatively show that the claim is time-barred. *Id.* (quoting *Cataldo v. U.S. Steel Corp*., 676 F.3d 542, 547 (6th Cir. 2012)). Once the defendant has satisfied its burden, "the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Id.* (quoting *Campbell v. Grand Trunk W. R.R. Co*., 238 F.3d 772, 775 (6th Cir. 2001)).

### I. Breach of Contract

In Ohio,[1] "an action alleging breach of any express or implied provision [of an oil and gas lease or license] concerning the calculation or payment of royalties shall be brought" within four years. Ohio Rev. Code §§ 2305.041, 1302.98(A). But "[a]n action alleging a breach with respect to any other issue that the lease or license involves shall be brought within" six years. *Id.* §§ 2305.041, 2305.06. The critical question here is which of these provisions governs Ms. George's breach-of-contract claim.

The Complaint makes clear that this action arises out of an oil and gas lease concerning the calculation or payment of royalties. It states that the Agreement was "an amendment to an oil

[1] Because the Court is sitting in diversity, the Court applies Ohio law in determining statute of limitations issues. *Swanson v. Wilson*, 423 F. App'x 587, 592 (6th Cir. 2011).

and gas lease," which required Gulfport to pay an 18% royalty interest with no deduction of costs. (ECF No. 6, ¶¶ 4, 9.) It then alleges that Gulfport deducted costs from the royalty payments in violation of the Agreement, constituting a breach of contract. (*Id.* ¶¶ 14, 16.) The fact that the Agreement was a "contract that settled a lawsuit between the parties" (Opp., ECF No. 21, PageID 429) is immaterial because it amended the parties' underlying oil and gas lease. Furthermore, Ms. George's arguments regarding the statute of limitations for a declaratory judgment claim (*Id.* PageID 430–31) are unavailing because she brings no such claim. Since the alleged breach concerns the payment of royalties arising out of an agreement that amended an oil and gas lease, the Court finds that the breach-of-contract claim is subject to the four-year limitations period as set forth in Ohio Revised Code §§ 2305.041 and 1302.98(A).

Ms. George initiated this lawsuit on August 29, 2025. (ECF No. 6.) Thus, any royalties that occurred prior to August 29, 2021, are outside the four-year limitations period. *See Lutz*, 717 F.3d at 470 (finding that royalty payment obligations in oil and gas leases are divisible for statute-of-limitations purposes under Ohio law). Accordingly, Ms. George's breach-of-contract claim with respect to royalty payments before August 29, 2021, is **DISMISSED**.

## II. Fraud

The statute of limitations for fraud claims in Ohio is four years. Ohio Rev. Code § 2305.09(C). "The limitations period for fraud claims begins to run when the claimant discovered or, in the exercise of reasonable care, should have discovered the fraud." *Med. Mut. of Ohio v. k. Amalia Enters.*, 548 F.3d 383, 393 (6th Cir. 2008) (citation modified); *see also Bash v. Textron Fin. Corp. (In re Fair Fin. Co.)*, 834 F.3d 651, 681 (6th Cir. 2016) (quoting *Inv'rs REIT One v. Jacobs*, 546 N.E.2d 206, 210 (Ohio 1989)).

Here, the alleged fraud is the act of substituting a revised page in the Agreement after it was executed. (ECF No. 6, ¶ 21.) The Complaint alleges that Gulfport has been taking improper deductions since the execution of the Agreement on January 2, 2018. (*Id.* ¶ 14.) Gulfport argues that Ms. George should have discovered the fraud when she received her first royalty payment with the allegedly improper deductions. (Mot., PageID 420.) The Court agrees. In the exercise of reasonable care, Ms. George should have discovered the alleged fraud in 2018 when her royalty payments first reflected deductions inconsistent with the Agreement as she understood it. *See Lutz*, 717 F.3d at 473 ("[R]oyalty owners have some obligation to exercise reasonable diligence in protecting their interests, including the need to exercise due diligence in enforcing contractual rights, in determining whether charges are proper and reasonable, and in determining whether to perform additional investigation to protect their interests.") (citation modified).

Ms. George argues that the timeliness of the fraud claim cannot be decided on the pleadings because the Complaint does not allege when the fraud was discovered. (Opp., PageID 435.) But once a defendant has established a statute of limitations defense, "the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Lutz*, 717 F.3d at 464. And when a plaintiff invokes the discovery rule as an exception, he or she must "affirmatively and particularly plead the date of discovery." *Stewart Coach Indus., Inc. v. Moore*, 512 F. Supp. 879, 886 (S.D. Ohio 1981) (Rice, J.); *Nw. Nat'l Ins. Co. v. Joslyn*, Nos. 93-4266, 93-4295, 93-4332, 1995 WL 270995, at *3 (6th Cir. May 8, 1995); *Forsell v. Squirrels, LLC*, No. 5:22-CV-01454-CEH, 2024 WL 4825973, at *5 (N.D. Ohio Nov. 19, 2024); *Williams v. Omega Labs., Inc.*, No. 5:26-cv-357, 2026 WL 2374845, at *12 (N.D. Ohio Aug. 17, 2026); *see also Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992) ("But it is not true, when the face of the complaint affirmatively indicates that the time limit for bringing the claim has passed, that

plaintiff may escape the statute [of limitations] by saying nothing."). Accordingly, Ms. George's failure to allege the date of discovery does not preclude dismissal of her fraud claim as time-barred.

For these reasons, Ms. George's fraud claim is **DISMISSED**. Because the Court finds that Ms. George's fraud claim is time-barred, it need not reach Gulfport's argument that Ms. George failed to plead the claim with particularity.

**CONCLUSION**

For the reasons stated in this Opinion and Order, (ECF No. 19) Defendant Gulfport Energy Corporation's Motion for Partial Judgment on the Pleadings is **GRANTED**.

This case remains open.

**IT IS SO ORDERED.**

| | |
|---|---|
| **9/3/2026** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.**<br>**UNITED STATES DISTRICT JUDGE** |